## BRANTZ v. MARCUS.

1. **Practice**: AMENDMENT TO CONFORM PLEADINGS TO PROOF: OBJEC-
TION TOO LATE.   Where, after the arguments to the jury had been con-
cluded, counsel asked leave to file an amendment to conform his plead-
ings to the proofs, and the amendment went into the hands of the judge
without being filed, and he instructed in accordance therewith, and
counsel for defendant knew of it, and knew its purport, and in sub-
stance agreed that it might be considered as filed, *held* that defendant
could not after verdict, in a motion for a new trial, object for the first
time to the amendment.

2. ———: EXCEPTIONS TO INSTRUCTIONS. Exceptions to instructions
given, and exceptions to rulings refusing to give instructions asked,
when presented in a motion for a new trial, must specifically point out
the ground of the exception.  (Code, § 2789.)

3. **Assault and Battery**: ACTION FOR DAMAGES: INSTRUCTION: MEAN-
ING OF "WANTON."   In an action for damages for an assault and bat-
tery, the court instructed the jury that in order to entitle the plaintiff to
recover they must find that he was unlawfully, *wantonly* and willfully
assaulted.  *Held* that "wantonly," as used by the court, was not
equivalent to "maliciously," and that a verdict for plaintiff could not
be set aside because there was no evidence that the assault was mali-
cious.

*Appeal from Council Bluffs Superior Court.*

FRIDAY, OCTOBER 21.

THE petition states that the defendant, at Grand Island,
Nebraska, unlawfully, negligently, and with force, assaulted
the plaintiff, and did then and there shoot him, whereby one
of his eyes was put out and destroyed. The defendant denied
the allegations of the petition, and pleaded that he was justified
in shooting the plaintiff, because the latter, at the time
he was shot, was attempting to enter a building at a late

hour of night, which was occupied by the defendant as a store. Trial before a jury, verdict and judgment for the plaintiff, and defendant appeals.

*Wright, Baldwin & Haldane,* for appellant.

*Scott & Gilbert* and *Smith & Harle,* for appellee.

SEEVERS, J.—I. After the evidence had been introduced, and counsel had concluded their arguments to the jury, the plaintiff asked leave of the court to file an amendment to his petition to " conform the allegations to the proof, and for such amendment strikes out of said petition     *     *     *     the word 'negligently,' and substitutes therefor the words ' wantonly and willfully.' " It is doubtful whether the amendment was marked "Filed," and it will be conceded that it was not; but it is certain that it was in the hands of the judge, and counsel for the defendant had knowledge of this fact, and of its purport, prior to the time the instructions were given. The court regarded it as filed, and gave the instructions in conformity thereto. When counsel for the defendant obtained knowledge of the amendment, they made no objections thereto; but, as we think the court was justified in believing, acquiesced therein, or, in substance, agreed that the same might be regarded as being filed. The supposition cannot be indulged that counsel did not have ample opportunity to object to the filing of the amendment, and their failure to do so precludes them from now, after verdict, making such objection. If the amendment was deemed material, and counsel were taken by surprise thereby, they should have applied for a continuance. They knew, when the instructions were given, that the court regarded the amendment as filed. Objections could have been made; none were made, except in a motion for a new trial. This was too late.

II.   No exceptions were taken to the instructions except

*Margin note: 1. PRACTICE: amendment to conform pleadings to proof: objection too late.*

in the motion for a new trial, and such exceptions must be

**2. ——: exceptions to instructions.** regarded as not sufficiently specific, because the ground of the exception is not stated. (Code, § 2789.) This is true also as to the instructions asked and refused. The court instructed the jury, in substance, as the defendant claims, that in order to entitle the plaintiff to recover they must find that he was unlawfully, wantonly and willfully assaulted; and it is insisted that the evidence does not justify the verdict. The evidence clearly shows that the shooting was willful, as distinguished from accidental. The defendant purposely fired the pistol. He so testifies; and if such act was not excusable it was unlawful. But it is said the word " wanton " means " malicious," and that there is no evidence of malice. No such meaning can or should be given to the word " wanton " as used by the court. At most, the jury were required to determine whether the assault was willful and intentional, or justifiable or excusable. In fact, the only question under the evidence was whether the assault was excusable, and this was fairly submitted to the jury, and with their finding we cannot interfere.

AFFIRMED.